Mark Landeros
Santa Ana Jail 4C
PO Box 22003
Santa Ana, CA 92702

**IN PRO SE**



UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark Landeros,<br><br>    Plaintiff,<br><br>        v.<br><br>SANTA ANA JAIL,<br><br>    Defendant | No. 8:23-CV-01193-JLS-KS<br><br>**SECOND AMENDED COMPLAINT**<br>**42 U.S.C. § 1983** |

**I.  SUMMARY**

   This second amended complaint is being filed with the court in accordance with recommendations made by MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND, dated November 202013. This second amended complaint is to clarify any misconception by the court from the plaintiff that this § 1983 suit is not being pursued merely as a means to monetary gain but as a plea to the court to take action(s) against the defendant to properly become diligent and active in providing medical treatment for a serious and debilitating disease that causes unnecessary and wanton infliction of pain known as Hepatitis C. My contention is not whether or not the defendant, known as Santa Ana Police Jail, provides me with the new generation of DAA drugs but that the defendant would make an effort to actively treat my condition and cease ignoring this disease that carries the same debilitating effects as HIV and is just as slow in its destruction of the human liver and/or cirrhosis.

1

## II. STANDARD

While I appreciate the courts deciphering, and because I am in filing of this suit in Pro Se, the legal categories about how this proceeding should be designated in and whether or not my case is either an Eighth or Fourteenth Amendment violation; it still does not change the fact that the defendant continues to ignore, 1) "that the defendant is, and has been aware of my serious medical need and is deliberately indifferent to that need." *Ramirez v. Baranga, No. 1:16-CV-01347-SAB-PC, 2017 U.S. Dist. Lexis 99790, at *6-7 (E.D. Cal. June 27, 2017)*. 2) "the defendant purposely ignores and fails to respond to my pain and medical needs creating a deliberate indifference." *McGukin, 974 F.2d at 1060.* These are deliberate acts and are sufficiently harmful to my health and well-being and lack a "standard of decency." *Estelle v. Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016).*

## III. EVIDENTIAL CLAIM TO FACT

At this point, I do not care where or how my treatment is started nor that it required the use of "new generation DAA drugs approved by the food and drug administration (FDA) for the treatment of Hepatitis C." [quoted from first amended complaint] I am under the realization that I have been singled-out and ignored by the defendant and their contracted medical provider called Wellpath. I happen to be incarcerated with two other inmates that are also pretrial criminal defendants who both are co-defendants in my criminal case. Their names are Gilbert Parra and Donato Gonzalez. Bothe men have also been diagnosed with Hepatitis C at the same former facility that I was detained in which is The Metropolitan Detention Center in Los Angeles (MDC-LA). Mr. Gonzalez has had continual medical treatment while Mr. Parra is being regularly sent to an outside medical specialist for his advanced treatment. Both Parra and Gonzalez have been

receiving regular treatments for well over two years of their confinement. The court indicated to me that I must "show that a constitutional violation was committed pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Gillette v. Delmore. 979 F.2d 1342, 1346 (9th Cir. 1992); Monell, 436 U.S. at 694; City of Canton v. Harris, 589 U.S. 378, 385(1989).* The mere fact that both Parra and Gonzalez are being properly treated for their conditions of Hepatitis C indicates to the court that the defendants policy for such serious medical treatment is, "(1) the cause in fact, and (2) the proximate cause of the constitutional deprivation." *Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).* Since the date of June 20, 2023 I have only been sent out of the facility once for initial testing to which the jail (defendant) advised me that they would send me again for further analysis. It was not until the filing of this lawsuit that motivated the defendant to begin and initialize that testing for possible treatment. Subsequent inmate requests, medical requests, and grievances have fallen to deaf ears and I continue to remain without any fort of treatment either in-house or with a contracted medical facility. All this in knowing that the defendant is well-aware of my diagnosis made by the MDC-LA facility.

According to the Santa Ana police Jail handbook, in section Medical (page 14) it states, "inmates will have access to medical care within the facility." In addition, it states, "serious medical conditions may be transported to a contracted facility." Also; in the Title 15 Minimum Standards for Local Detention Facilities by BSCC California, Article II Medical/Mental Health Services, section § 1208 access to treatment, declares "…assessment and treatment shall be performed by either licensed health professionals or persons

3

operating under the authority and direction of licensed health personnel." The provisions of these jail requirements do not proclaim in any manner that "some inmates" should "sometimes" receive treatment. Under their own rules they have provided a standard (minimum for the state of California) that guarantees an inmate receive proper care – especially when the medical diagnosis is as severe as mine is. The defendant fails to fulfill these directives as well as their contracted medical provider, Wellpath. It may well be that the contracted medical provider, Wellpath is responsible for any inadequate care and concern but it is ultimately the Santa Ana Police Jail that must insure proper follow-up of the submitted medical requests and the defendant has knowingly dismissed grievances I have submitted regarding my condition.

## IV. SUFFICIENT FACTUAL MATTER

There is more than enough evidence to show that "my claim has sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). I implore the court to assist me to receive proper medical care for this debilitating disease under the courts recommended route of this due process violation under the Fourteenth Amendment as a "claim for deliberate indifference to serious medical needs as a pretrial detainee is entitled to." *Lopez v. Nev. Ex Rel. Nev. Dep't of Corr.*, No. 2:21-CV-01161-ART-NJK, 2023 U.S. Dist. Lexis 174820, at *10-11 (D. Nev. Sep. 29, 2023) (citing *Horton v. City of Santa Maria*, 915 F.3d 592, 599 (9th Cir. 2019)). This the defendant is given the option of preventing me from "serious risk of harm that could be eliminated through reasonable and available measures that the officer [this facility] is not taking, thus causing injury that I am currently suffering." *Id.* at *11 *Horton v. City of Santa Maria*, 915 F.3d 602 (9th Cir.

2019). I have, more than once, "complained of both pain and medical need to which the defendant continues to ignore." *McGuckin, 974 F.2d at 1060.*

Because sufficient documentation was provided with the first revised amended claim sent to the court it can be well established that the defendant knew full well that I have been suffering with Hepatitis C since 2007. The defendant was supplied with my medical history transferred by the federal MDC-Los Angeles when I arrived at this facility. There are sufficient facts that show that, "the defendant is aware of my serious medical needs and is deliberately indifferent to those needs." *Ramirez v. Baniga, No. 1:16-CV-01347-SAB-PC, 2017 U.S. Dist. Lexis 99790, at *6-7 [E.D. Cal. June 27, 2017).*

## V. CONCLUSION

I therefore appeal to the Central Court of California under the provisions of § 1983 and my Fourteenth Amendment guarantees of due process and this claim of deliberate indifference to a serious medical need including the provisions of a Monell claim. This second amended complaint continues as the first with the remedy of $6,800 in damages as well as injunctive and declaratory relief.

_____           _12-1-23_____
Mark Landeros                      Date

