**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

MARK LANDEROS,                              )   NO. SA CV 23-01193-JLS (KS)
                                            )
              Plaintiff,                    )
                                            )
        v.                                  )   MEMORANDUM AND ORDER
                                            )
                                            )   DISMISSING SECOND AMENDED
SANTA ANA JAIL, et al.,                     )   COMPLAINT WITH LEAVE TO AMEND
                                            )
              Defendants.                   )
                                            )
_____

**INTRODUCTION**

On November 20, 2023, the Court issued a Memorandum and Order ("Order") dismissing Plaintiff's First Amended Complaint with leave to amend. (Dkt. No. 9.) Plaintiff timely filed his Second Amended Complaint ('SAC") on December 7, 2023. (Dkt. No. 9.) Although the Court finds that the SAC fails to state a cognizable claim for relief against Defendant, the Court will grant Plaintiff one final opportunity to amend.

\\

\\

1

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a trial court may dismiss a claim *sua sponte* and without notice "where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see also Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (adopting Ninth Circuit's position in *Omar* and noting that in such circumstances, a *sua sponte* dismissal "is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources"). In determining whether a complaint should be dismissed at screening, the Court applies the standard of Rule 12(b)(6): "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (internal quotation omitted). Therefore, a plaintiff's factual allegations must be sufficient for the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.").

When a plaintiff appears *pro se* in a civil rights case, courts must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). However, in giving liberal interpretation to a *pro se* complaint, the court may not supply essential elements of a claim that were not initially pled, *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011), and the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

2

**ALLEGATIONS OF THE SECOND AMENDED COMPLAINT**

Plaintiff avers that his "second amended complaint is to clarify any misconception by the court from the plaintiff that this § 1983 suit is not being pursued merely as a means to monetary gain but as a plea to the court to take action(s) against the defendant to properly become diligent and active in providing medical treatment for a serious and debilitating disease that causes unnecessary and wanton infliction of pain known as Hepatitis C." (Dkt. No. 10 at 1.) Plaintiff further avers that his "contention is not whether or not the defendant . . . provides [him] with the new generation of DAA drugs but that the defendant would make an effort to actively treat [his] condition and cease ignoring this disease that carries the same debilitating effects as HIV and is just as slow in its destruction of the human liver and/or cirrhosis." (*Id.*)

Next, Plaintiff alleges that he has been "singled-out and ignored by the defendant and their contracted medical provider called Wellpath" because two other inmates incarcerated at the same facility and who were also diagnosed with Hepatitis C "have been receiving regular treatments for well over two years of their confinement." (*Id.* at 2-3.) Plaintiff further alleges that "[s]ince the date of June 20, 2023[,] I have only been sent out of the facility once for initial testing to which the jail (defendant) advised me that they would send me again for further analysis" and that "[i]t was not until the filing of this lawsuit that motivated the defendant to begin and initialize that testing for possible treatment." (*Id.* at 3.) Plaintiff alleges that "[s]ubsequent inmate requests, medical requests, and grievances have fallen to deaf ears and I continue to remain without any [s]ort of treatment either in-house or with a contracted medical facility" despite Defendant facility being "well-aware of my diagnosis." (*Id.* at 3.)

Furthermore, Plaintiff alleges that "[a]ccording to the Santa Ana [P]olice Jail handbook, in section Medical (page 14) it states, 'inmates will have access to medical care within the facility'" and that "'serious medical conditions may be transported to a contracted facility.'" (*Id.*) And "in the Title 15 Minimum Standards for Local Detention Facilities by BSCC

3

California, Article II Medical/Mental Health Services, section § 1208 access to treatment, declares '. . . assessment and treatment shall be performed by either licensed health professionals or persons operating under the authority and direction of licensed health personnel.'" (*Id.* at 3-4.) Plaintiff avers that "[t]he defendant fails to fulfill these directives as well as their contracted medical provider, Wellpath" and that while "[i]t may well be that the contracted medical provider, Wellpath is responsible for any inadequate care and concern[,] it is ultimately the Santa Ana Police Jail that must insure proper follow-up of the submitted medical requests and the defendant has knowingly dismissed grievances I have submitted regarding my condition." (*Id.* at 4.)

Finally, Plaintiff avers that "[b]ecause sufficient documentation was provided with the first revised amended claim sent to the court it can be well established that the defendant knew full well that I have been suffering with Hepatitis C since 2007." (*Id.* at 5.) Thus, "[t]here are sufficient facts that show that, the defendant is aware of my serious medical needs and is deliberately indifferent to those needs." (*Id.* (internal citations and quotations omitted).)

## DISCUSSION

First, Plaintiff fails to state a claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). A claim against a municipal entity requires the plaintiff to show that a constitutional violation was committed pursuant to a "formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (internal quotation omitted); *Monell*, 436 U.S. at 694; *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). In addition, a plaintiff must show that the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

\\
\\

4

Plaintiff alleges that "[a]ccording to the Santa Ana [P]olice Jail handbook, in section Medical (page 14) it states, 'inmates will have access to medical care within the facility'" and that "'serious medical conditions may be transported to a contracted facility.'" (Dkt. No. 10 at 3.) Plaintiff further alleges that "in the Title 15 Minimum Standards for Local Detention Facilities by BSCC California, Article II Medical/Mental Health Services, section § 1208 access to treatment, declares '. . . assessment and treatment shall be performed by either licensed health professionals or persons operating under the authority and direction of licensed health personnel.'" (*Id.* at 3-4.) These allegations fail to show that Defendant facility committed a constitutional violation *pursuant to* a "formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Gillette*, 979 F.2d at 1346. Rather, Plaintiff alleges that Defendant facility's violations of its policies are the cause in fact and proximate cause of his constitutional deprivations. *Trevino*, 99 F.3d at 918. As such, Plaintiff's allegations fall short of stating a claim under *Monell*.

Additionally, the Court finds that Plaintiff's SAC fails to state a deliberate indifference claim. Plaintiff states that he is a pretrial detainee (*see* Dkt. No. 10 at 2), thus his claim of deliberate indifference is analyzed as a Due Process violation under the Fourteenth Amendment. *Lopez v. Nev. ex rel. Nev. Dep't of Corr.*, No. 2:21-cv-01161-ART-NJK, 2023 U.S. Dist. LEXIS 174820, at *10-11 (D. Nev. Sep. 29, 2023) (citing *Horton v. City of Santa Maria*, 915 F.3d 592, 599 (9th Cir. 2019)). A pretrial detainee's Fourteenth Amendment claim for deliberate indifference requires a showing that there was "a substantial risk of serious harm to the plaintiff that could have been eliminated through reasonable and available measures that the officer did not take, thus causing injury that the plaintiff suffered." *Lopez*, 2023 U.S. Dist. LEXIS 174820, at *11 (quoting *Horton*, 915 F.3d at 602).

Plaintiff alleges that he has been "singled-out and ignored by the defendant and their contracted medical provider called Wellpath" because two other inmates incarcerated at the

same facility and who were also diagnosed with Hepatitis C "have been receiving regular treatments for well over two years of their confinement." (Dkt. No. 10 at 2-3.) Plaintiff further alleges that "[s]ince the date of June 20, 2023[,] I have only been sent out of the facility once for initial testing to which the jail (defendant) advised me that they would send me again for further analysis" and that "[i]t was not until the filing of this lawsuit that motivated the defendant to begin and initialize that testing for possible treatment." (*Id.* at 3.)  While Plaintiff may not agree with the treatment he has been provided, the Court cannot deduce from the facts alleged that Defendant facility has been deliberately indifferent to Plaintiff's medical needs. *See Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (finding that a mere difference of opinion on medical treatment is not enough to establish deliberate indifference so long as the care provided was medically acceptable); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976) (finding that the inadvertent or negligent failure to provide adequate medical care does not itself state a claim under Section 1983).   Thus, because Plaintiff fails to allege facts demonstrating that there exists a substantial risk of serious harm that Defendant facility failed to eliminate via reasonable and available measures, Plaintiff's conclusory allegations are insufficient to state a deliberate indifference claim. *Lopez*, 2023 U.S. Dist. LEXIS 174820, at *11.

To the extent Plaintiff avers that Defendant facility violated his equal protection rights under the Fourteenth Amendment, Plaintiff fails to state an equal protection claim.  "To state a claim under § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment[,] plaintiff must show that the defendant[] acted with an intent or purpose to discriminate against [him] based on membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (internal quotation and citation omitted).  Here, Plaintiff has not alleged facts to plausibly show that Defendant facility or any individual acted with discriminatory intent.  *Id.*; *see also Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) ("Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status."); *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir. 2000)

(explaining that to succeed on a Section 1983 equal protection claim, the plaintiff must prove that the defendants acted in a discriminatory manner and that the discrimination was intentional).  Nor has Plaintiff alleged that he is a member of a protected class or a "class of one" that "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also Towery v. Brewer*, 672 F.3d 650, 660 (9th Cir. 2012) ("The class-of-one doctrine does not apply to forms of state action that by their nature involve discretionary decision-making based on a vast array of subjective, individualized assessments.")  Thus, Plaintiff's allegations are insufficient to state an equal protection claim.

Finally, Plaintiff asserts that "[b]ecause sufficient documentation was provided with the first revised amended claim sent to the court[,] it can be well established that the defendant knew full well that I have been suffering with Hepatitis C since 2007" and thus, "[t]here are sufficient facts that show that, the defendant is aware of my serious medical needs and is deliberately indifferent to those needs."  (Dkt. No. 10 at 5 (internal citation and quotation omitted).)  However, in its previous Order, the Court instructed Plaintiff that "the Second Amended Complaint . . . shall be complete in itself"; that "[i]t shall not refer in any manner to Plaintiff's earlier pleadings"; and that any "claims that are not expressly included in the Second Amended Complaint shall be deemed abandoned."  (Dkt. No. 9 at 10.)  As such, Plaintiff's reliance on his previous pleading is improper.

Despite the identified deficiencies in the SAC, the Court will grant Plaintiff one final opportunity to amend.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (finding that leave to amend us appropriate "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment").  In the Third Amended Complaint, Plaintiff must allege sufficient facts showing that Defendant's actions were pursuant to a policy, practice, or custom and that the policy, practice, or custom in question was the cause in fact and proximate cause of Defendant's deliberate indifference.  Additionally, Plaintiff must allege facts showing that

7

there exists a substantial risk of serious harm that Defendant facility failed to eliminate via reasonable and available measures.

## CONCLUSION

For the reasons stated above, the Second Amended Complaint is dismissed **with leave to amend**.  If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a Third Amended Complaint.  In any amended complaint, Plaintiff shall cure the defects described above.

Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original Complaint.  **Further, the Third Amended Complaint, if any, shall be complete in itself** and shall bear both the designation "Third Amended Complaint" and the case number assigned to this action.  **It shall not refer in any manner to Plaintiff's earlier pleadings.  Any claims that are not expressly included in the Third Amended Complaint shall be deemed abandoned.**

In any amended complaint, **Plaintiff may not rely on conclusory allegations and formulaic recitations of applicable law**.  Plaintiff shall also make clear the nature and grounds for his claims, specifically identify the defendants he maintains are liable for each claim, and clearly and concisely explain the **factual and legal basis** for their liability.  Plaintiff is strongly encouraged to utilize the Central District's standard civil rights complaint form when filing any amended complaint.

\\
\\
\\
\\
\\

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Plaintiff's failure to timely comply with this Order may result in a recommendation of dismissal.  If Plaintiff no longer wishes to pursue this action, in whole or in part, he may voluntarily dismiss it, or any portion of it, by filing a signed document entitled "Notice of Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).**

DATE: December 20, 2023

_____
KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE

THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION NOR IS IT INTENDED TO BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR LEXIS.